**PONY EXPRESS COURIER CORPORATION OF AMERICA, a corporation; Baker Industries, a corporation, Plaintiffs–Appellees/Cross–Appellants,**

v.

**PONY EXPRESS DELIVERY SERVICE, a sole proprietorship; Christopher Alan Crew, Defendants–Appellants/Cross–Appellees.**

Nos. 86–2642, 86–2673.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 1989.

Decided April 7, 1989.

Roger L. Cook, San Francisco, Cal., for Pony Express Delivery Service, et al.

Richard E. Backus, San Francisco, Cal., for Pony Express Courier Corp. of America, et al.

Before NORRIS, NOONAN and LEAVY, Circuit Judges.

NOONAN, Circuit Judge:

A sole proprietorship belonging to Christopher Alan Crew, Pony Express Delivery Service (Crew) brought suit against a subsidiary of Baker Industries, Inc., Pony Express Courier Corporation of America (Baker) in the state court of California. Baker removed the case to the federal district court and itself brought suit against Crew for a violation of the Lanham Act. The cases were consolidated. The district court gave summary judgment to Baker, awarding $1,000 in damages. The district court also found that Charles Rothbaum, Crew's first attorney, had violated Rule 11, and was subject to the sanction of a public reprimand.

Crew appeals from summary judgment on the single ground that summary judg-ment was granted "without considering the evidence" that Baker's trademark "was procured by fraud and unclean hands and without considering whether Baker was collaterally estopped by a decision of the Trademark Trial and Appeal Board." Baker appeals on the ground that monetary sanctions should have been granted against Rothbaum and that another attorney of Crew's should also have been sanctioned under Rule 11. We affirm the district court on all points.

ANALYSIS

*The Defenses That Crew Says Were Not Considered.*

Crew contends that he should have been allowed to amend his pleading to set out his position on fraud and collateral estoppel. We go directly to his two arguments that there was fraud in obtaining the Pony Express trademark on which Baker prevailed:

1. Crew contends that there was fraud in the statement made by Baker in 1981 when it filed its § 15 affidavit with the Patent and Trademark Office in order to make its mark "incontestable." The fraud asserted is Baker's statement in the affidavit: "There has been no final decision adverse to registrant's claim to ownership." Crew asserts that *Baker Industries, Inc. v. Bowers*, 191 U.S.P.Q. 260 (1976), was a final decision adverse to Baker's claim of ownership.

The *Bowers* case resulted from Baker's attempt to cancel a Pony Express trademark used by James C. Bowers for souvenir brochures and letters in the promotion of a chuck wagon dinner during the summer in Colorado Springs, Colorado. The Board observed that the term "Pony Express" was in such common use that it was unlikely to be associated with a particular individual or company, and that the goods described in Baker's registration involved services in transporting money and valuables—services which were "different and totally unrelated" to what Bowers was doing. Baker's trademark simply did not cover the activities for which Bowers had obtained his trademark. The owner of a

mark, the Board noted, was never "entitled, per se, to a right in gross therein, namely, a right to preclude the subsequent registration of the same mark for any and all goods and services including those completely unrelated to those of the prior user." Baker's petition to cancel Bowers' mark was therefore dismissed. *Bowers* in no way was a decision adverse to Baker's claim of ownership of the Pony Express mark.

■ Crew also asserts that it had a collateral estoppel defense which the district court did not consider. The collateral estoppel asserted was the decision in the *Bowers* case. To prove this estoppel Crew quotes out of context the statement of the Board that the term Pony Express as such is not likely to be associated with any one company. But this statement was made as a prelude to the determination that Baker's mark did not cover totally different services. It was not a determination that Baker did not have ownership of a valid mark.

2. Crew claims that in its 1972 registration of the Pony Express mark in the Principal Register of the Patent Office Baker fraudulently stated that the mark was first used on April 3, 1860 and that Baker's predecessors had continued the use of the mark up to the date of registration. Crew denies that there has been continuous use since 1860.

■ If Crew's contention was a material fact in dispute in this case, summary judgment would be inappropriate. However, to prove fraud that would result in the cancellation of Baker's mark, there would have to be a material misrepresentation in the affidavit on the basis of which the mark was registered. The claim of a date of first use is not a material allegation as long as the first use in fact preceded the application date. *E.g., CarX Service Systems, Inc. v. Exxon Corp.*, 215 U.S.P.Q. 345, 351 (1982); *McCarthy on Trademarks and Unfair Competition* (2d ed.1984), 2, § 31:21 at 610. There is no dispute that Baker's use preceded the application date in 1972. The 1860 date and statement as to continuous use were immaterial.

*Rule 11 Sanctions*

■ Crew does not challenge the district court's finding that Rothbaum violated Rule 11. Baker complains that it was an abuse of discretion by the district court not to impose monetary sanctions against him. Rule 11 is not designed to provide restitution in every case to a litigant who has been damaged by the conduct of opposing counsel. The kind of sanction appropriate is left to the discretion of the district court. Public censure has been found to be appropriate even where the unreasonable actions of the sanctioned lawyer have put his adversary to substantial expense. *In re Curl*, 803 F.2d 1004 (9th Cir.1986). We find no reason to substitute our judgment for that of the district court.

■ Baker also seeks Rule 11 sanctions against Eugene Crew, the father of Christopher Alan Crew, who was co-counsel with Rothbaum. Eugene Crew did not sign Crew's answer so that he cannot be held liable under Rule 11 for contents of the answer. The conduct for which Baker seeks Rule 11 sanctions against him does not fall within Rule 11.

Costs of this appeal are awarded to Baker.

AFFIRMED.