116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank WOOD, Trustee of the Wood Family Trust, Plaintiff-Appellant,
v.
Elden W. BAINBRIDGE, Trustee of the Elden W. Bainbridge and
Sharon Ann Bainbridge Trust, et al., Defendants-Appellees.
Frank WOOD, Trustee of the Wood Family Trust, Plaintiff-Appellant,
v.
Elden W. BAINBRIDGE, Trustee of the Elden W. Bainbridge and
Sharon Ann Bainbridge Trust, et al., Defendants,
and
William G. KELLEY, et al., Defendants-Appellants.
Frank WOOD, Trustee of the Wood Family Trust, Plaintiff-Appellant,
v.
Elden W. BAINBRIDGE, Trustee of the Elden W. Bainbridge and
Sharon Ann Bainbridge Trust, et al., Defendants,
and
HEARTLAND MORRISVILLE TRIANGLE, a Washington limited
partnership, et al., Defendants-Appellants.
 Nos. 96-35289, 96-35363, 96-35392.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.*
Decided June 11, 1997.
As Amended Aug. 21, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon, No. CV-93-06084-TMC; Thomas M. Coffin, District Judge, Presiding.
 
 
 2
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and LEW,** District Judge.
 
 
 3
 MEMORANDUM***
 
 
 4
 Frank Wood appeals the district court's dismissal of his Second Amended Complaint as to 111 "secondary defendants." The district court entered partial judgment pursuant to Fed.R.Civ.P. 54(b), and we have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the magistrate judge's dismissal under Fed.R.Civ.P. 8(a), 9(b), and 41(b). McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir.1996). The magistrate judge's evaluation of whether the plaintiff complied with his order is entitled to considerable weight. Id. at 1177. We affirm.
 
 
 5
 The Church-related defendants and Heartland defendants also cross-appeal the magistrate's denial of their motion for monetary sanctions against plaintiff Wood and his attorney Dean Browning Webb under Fed.R.Civ.P. 11. We review for abuse of discretion the magistrate's denial of defendants' motion for sanctions, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990), and we affirm.
 
 I. Dismissal of the Complaint
 
 6
 On February 8, 1993, Wood filed his complaint. On February 23, 1995, after Wood had filed one amended complaint, the Magistrate judge ordered that if Wood chose to file a second amended complaint, he must simultaneously file a Rico case statement. The Magistrate judge instructed Wood how to draft such a document with great specificity. In response, Wood filed a largely incomprehensible 210-page complaint along with an equally muddled 94-page Rico case statement. The magistrate judge found that the Rico case statement did not comply with his order, and found that the complaint did not comply with Rule 8(a) or Rule 9(b).
 
 
 7
 Wood argues that the complex nature of RICO law and the business relationships of the 111 secondary defendants required the prolixity of his complaint. We disagree. The magistrate judge correctly explained that the complaint is too abstract to comply with Rule 8(a)'s "short and plain statement" requirement. The complaint rambles on about elaborate legal theories and relationships without identifying specific conduct on the part of the 111 defendants that would subject them to RICO liability.
 
 II. Sanctions
 A. FRCP 11
 
 8
 The Church-related and Heartland defendants argue that the district court abused its discretion in denying their request for monetary sanctions pursuant to Federal Rule of Civil Procedure 11. In our original disposition, we affirmed the district court's decision on the basis that the defendants failed to comply with Rule 11's safe-harbor provision. See Fed. R. Civ. P. 11(c)(1)(A). Defendants submitted a petition for rehearing pointing out that they did comply with the safe-harbor and in his response, plaintiff has conceded such compliance. Upon further review of the record we agree that defendants complied with the safe-harbor. Nonetheless, although we agree that plaintiff's RICO claim is frivolous, we conclude that the district court did not abuse its discretion in denying defendants' motion for monetary sanctions. See Pony Express Courier Corp. of America v. Pony Express Delivery Service, 872 F.2d 317, 319 (1989) ("The kind of sanction appropriate is left to the discretion of the district court.").
 
 B. FRAP 38
 
 9
 The Church-related defendants also request attorneys' fees and costs pursuant to Federal Rule of Appellate Procedure 38. Rule 38 allows this court to award just damages and single or double costs if it determines that the appeal is frivolous. We find that appellants' expansive theory of RICO liability is entirely without merit. Further, appellant has grossly disregarded Federal Rule of Civil Procedure 8(a)'s requirement that the complaint contain a "short and plain statement of the claim." Fed.R.Civ.P. 8(a). This disregard has caused the district court, this court, and defendants to spend an extraordinary amount of time and resources deciphering his complaint. On appeal appellant again has failed to identify how his 210-page complaint state's a claim against any of the secondary defendants. Rather, he assures the court that if given the opportunity, he can cure its defects. For these reasons we find that this appeal is frivolous. By separate order we grant the Rule 38 motion.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 Hon. Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3